*Lin v. Sessions*

BIA
Loprest, IJ
A205 614 752

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

WEI WEI LIN,
> *Petitioner,*

v.

16-4081
NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER: Gerald Karikari, New York, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney,

Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Wei Lin, a native and citizen of the People's Republic of China, seeks review of a November 15, 2016, decision of the BIA affirming a May 25, 2016, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin,* No. A 205 614 752 (B.I.A. Nov. 15, 2016), *aff'g* No. A 205 614 752 (Immig. Ct. N.Y. City May 25, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA's decision. *See Yang v. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering

2

the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Lin was not credible.

The agency reasonably relied on inconsistencies between Lin's testimony and that of a witness on her behalf. Lin testified that she was beaten during her six-day detention for attending an underground Christian church and that she suffered bruising as a result. Nevertheless, she stated that she did not seek treatment at a hospital or from a doctor, instead treating herself with lotions that she purchased from

3

a store.  In contrast, Lin told Chen Bin Xue, Lin's cousin, that she was treated at a hospital after her release from detention. When confronted regarding this inconsistency, Xue compounded it by stating first that Lin was treated by a hospital as an outpatient, and subsequently stating that Lin went to the hospital to obtain a prescription for the lotion Lin used to treat herself.  Finally, Xue testified that Lin did not tell her that she had been treated at a hospital. The agency was permitted to rely on these inconsistencies, which concerned the reliability of both Lin and Xue, as well as the level of harm Lin allegedly experienced in China.  *See id.; Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency relating to central aspect of asylum claim "afforded substantial evidence to support adverse credibility finding").

The agency's demeanor finding further supports the adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Lin v. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).  With respect to her reasons for forgoing medical treatment following the physical abuse she claimed to have suffered in detention, for example, the record also

4

supports the IJ's conclusion that Lin's testimony lacked credible detail. Although Lin alleged that she was "brutally beaten," App. 414, she gave vague answers as to why she did seek medical attention at a hospital, alternatively explaining that (1) she "did not want to go out because [of] the way [she] got beat up," *id.* at 114, (2) "the hospital was kind of far away," *id.*, and (3) she did not need treatment even though her "body had black and blue" bruises and her "face was all swollen," *id.* at 109. Moreover, the IJ observed that Lin's demeanor shifted on cross-examination, in that she began to take long pauses and responded to questions with questions of her own. *See Zhang v. Immigration & Naturalization Serv.*, 386 F.3d 66, 73-74 (2d Cir. 2004) (affording particular deference to the IJ because he is able to "assess[] testimony together with witness demeanor"), *overruled on other grounds by Lin v. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Finally, the IJ reasonably found that Lin failed to rehabilitate her testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of

5

corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Lin's evidence was insufficient to rehabilitate her testimony or independently corroborate her claim because (1) the documents upon which she relied were prepared for the purpose of litigation by parties not subject to cross examination; (2) she relied solely on her own testimony to authenticate the documents in question; and (3) at least one of the documents' drafters, Lin's mother, was an interested party. *See, e.g.*, *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (explaining that "[w]e defer to the agency's determination of the weight afforded to an alien's documentary evidence" where BIA "gave 'very little evidentiary weight'" to letter that "was unsworn and . . . submitted by an interested witness," ).

Substantial evidence supports the IJ's adverse credibility determination given the inconsistent testimony from Lin and Xue, the aforementioned observations concerning Lin's demeanor, and the lack of reliable corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Lin*, 534 F.3d at 165-66. That

6

finding is dispositive of asylum, withholding of removal, and CAT relief here because Lin's right to all three remedies relies on her credibility concerning past events. *See*, *e.g.*, *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7